IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-82965-TJM |
| | ) | |
| CLEVELAND N. GREAVES and | ) | CH. 13 |
| BRENDA B. GREAVES, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM

Hearing was held in Omaha, Nebraska, on February 9, 2009, on Confirmation of Debtors' Chapter 13 Plan (Fil. #8), an Objection thereto filed by the Chapter 13 Trustee (Fil. #16), and a Response filed by Debtors (Fil. #17). David C. Hepperlen appeared for Debtors, and Thomas Kenny appeared on behalf of the Chapter 13 Trustee. This Memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L). Post-hearing briefs have now been submitted, and this matter is ready for decision.

*Background*

The underlying facts are not in dispute. The schedules show that Debtor Cleveland Greaves is a full-time student and that joint Debtor Brenda Greaves is employed as an occupational therapist. They have two children living at home, ages 16 and 19. Ms. Greaves earns approximately $9,600.00 per month, or $115,200.00 annually. According to Schedules I and J, Debtors have $997.18 in disposable income per month.

According to the Chapter 13 Statement of Monthly and Disposable Income (Form 22C), Debtors reported current monthly income of $10,244.28 and disposable income of $1,582.18. The Chapter 13 Trustee believes certain expenses on Form 22C are overstated by a total of $478.00, resulting in disposable monthly income, according to the Chapter 13 Trustee's calculation, of $2,060.18. Under the Chapter 13 Trustee's calculation, Form 22C would require a return to unsecured creditors of not less than $123,610.80 during the course of a Chapter 13 plan.

Since Mr. Greaves is currently a full-time student and unemployed, Debtors have based their plan on their disposable income calculated under Schedules I and J. Accordingly, they propose to pay $1,000.00 per month for 60 months, for a base plan payment of $60,000.00. Unsecured claims in the total amount of $132,253.00 had been filed at the date of the hearing, of which $87,000.00 appear to be nondischargeable student loan debts.[1] Based on the claims as filed, and after payments to priority and secured creditors, unsecured creditors would receive a dividend of approximately 18% under the plan proposed by Debtors.

---

[1]The deadline for filings proofs of claim has not yet expired.

*Discussion*

The Chapter 13 Trustee objected on the basis that the amount Debtors are required to pay to unsecured creditors under Form 22C (as corrected by the Chapter 13 Trustee) is $123,610.80. Under the plan as proposed, unsecured creditors will receive much less. However, as a result of the Response (Fil. #17) and supporting Affidavit (Fil. #22) filed by Debtors, the Chapter 13 Trustee acknowledges that a change in circumstances has occurred. The Chapter 13 Trustee further acknowledges that based upon the recent opinion of the Eighth Circuit Court of Appeals in *Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652 (8th Cir. 2008), the means test result is a mere "starting point" and changes in Debtors' circumstances should be considered in calculating Debtors' projected disposable income. *Id.* at 659. Specifically, the change in circumstances is that while some income of Mr. Greaves was included during the six-month pre-petition period for calculating current monthly income, Mr. Greaves is no longer employed. He is a full-time student. According to his affidavit, Mr. Greaves will graduate from nursing school in May 2009, and will shortly thereafter begin graduate school to pursue a degree as a psychiatric nurse practitioner. He anticipates little or no income over the next three years.

The Chapter 13 Trustee's primary argument at this point is that § 1325(a)(3) requires that Debtors' plan be proposed in good faith. The Chapter 13 Trustee's position is straightforward: Debtor should be required to delay his advanced degree, find employment in his chosen field as soon as possible, and pay all of his projected disposable income into the plan for the benefit of creditors for the life of the plan. Otherwise, according to the Chapter 13 Trustee, unsecured creditors will have financed Mr. Greaves' advanced degree.

Counsel for the parties used much of their briefing efforts to discuss the interplay between Debtors' "ability to pay" and the good faith test of § 1325(a)(3). However, I do not believe it is necessary to address those issues since this case can be addressed pursuant to the projected disposable income test of § 1325(b)(1)(B). Specifically, upon objection by the Chapter 13 Trustee, that section requires that all of Debtors' projected disposable income to be received in the applicable commitment period be applied to make payments to unsecured creditors under the plan. Identifying what constitutes "projected disposable income" has been the subject of substantial litigation in this Court and elsewhere. In fact, the circuits are currently split on the issue. *Compare Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652 (8th Cir. 2008) *with Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868 (9th Cir. 2008). Notwithstanding prior opinions of this Court with respect to the issue, the Eighth Circuit's recent decision in *Coop v. Frederickson* is binding.

In *Frederickson*, the Eighth Circuit Court of Appeals held:

> Accordingly, we adopt the view shared by many bankruptcy courts that a debtor's "disposable income" calculation on Form 22C is a starting point for determining the debtor's "projected disposable income," but that the final calculation can take into consideration changes that have occurred in the debtor's financial

>   circumstances as well as the debtor's actual income and expenses as reported on Schedules I and J.

*Id.* at 659 (citations omitted). The Eighth Circuit went on to add:

>   This approach realistically determines how much a debtor can afford to pay his creditors and maximizes the amount the debtor must pay to his unsecured creditors. As aptly noted by the *Kibbe* court, "the object is not to select the right form, but to reach a reality-based determination of a debtor's capabilities to repay creditors." *Kibbe*, 361 B.R. at 315.

*Id.* at 660.

Thus, it is clear that the Eighth Circuit Court of Appeals has interpreted "projected disposable income" as a mandate to the bankruptcy court to make a "reality-based determination" of how much a debtor can afford to pay.

Applying the *Frederickson* analysis to the facts of this case reveals that Debtors can afford to pay substantially more than they propose to pay pursuant to their plan. Mr. Greaves will graduate from college soon with a degree in nursing. That degree should enable him to earn substantially more money than he has made in the past, including the six-month current monthly income calculation period. Thus, looking at Debtors' financial situation realistically, it is clear that they have the ability to pay substantially more than the calculation set forth in Schedules I and J, as well as on Form 22C. The Form 22C calculations come very close to requiring Debtors to propose a pay-in-full plan. Absent an influx of additional large claims by the claim filing deadline, it seems obvious that Debtors have the ability to propose a pay-in-full plan. Granted, such a plan will need to take into account fluctuations in Mr. Greaves' income based on his current unemployed status and the fact that he will not graduate until May, but that is not an insurmountable hurdle.

This result is not altered by Mr. Greaves' stated intention to attend graduate school for the next three years. Mr. Greaves' post-graduate education plans may not even need to be altered. The vast majority of the claims in this case are the result of nondischargeable education-related debt, although the record is not clear as to whether that debt is related to Mr. Greaves, Mrs. Greaves, or both. It is likely that if Mr. Greaves does continue his education, he will not need to make payments on his student loan debt while he is still in school, in which case those student loans could potentially be paid outside of the plan. Further, it is not entirely realistic to project that Mr. Greaves will not have any income while he pursues his advanced degree since he did have income while pursuing his nursing degree (including income during the CMI calculation period). Also, the applicable commitment period is five years in this case and Mr. Greaves states that he will obtain his advanced degree in about three years. Therefore, at a minimum, the proposed plan payment needs to increase substantially in the final two years.

Accordingly, I find that the Chapter 13 Trustee's Objection to Confirmation of Plan (Fil. #16) should be sustained.

Separate order to be entered.

DATED: March 17, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   *David C. Hepperlen
   Thomas Kenny/Kathleen Laughlin
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.